THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROY MONTALVAN, et al. | : | |
| | : | |
| **Plaintiffs** | : | |
| v. | : | **3:11-CV-850** |
| | : | **(JUDGE MARIANI)** |
| WILLIAM NEVILLE, et al. | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM OPINION

### I. INTRODUCTION AND PROCEDURAL HISTORY

Presently before the Court is Plaintiffs' Motion for Substitution of Party Pursuant to

Fed. R. Civ. P. 25(c) (Doc. 41). For the reasons that follow, the Court will grant the Motion.

On May 4, 2011, Plaintiffs, Roy Montalvan and Louise Montalvan, initiated the

above-captioned action by filing a Complaint against William Neville and Marlene Neville

t/d/b/a Neville's Mobile Home Park, alleging Violations of Clean Water Act (Count I),

Violations of Clean Streams Law (Count II), Continuing Trespass (Count III), Continuing

Private Nuisance (Count IV), and Negligence (Count V).

On April 24, 2012, a Consent Order and Agreement ("COA"), dated that same day

and signed by Roy Montalvan, Louise Montalvan, William Neville, Marlene Neville, and

counsel for Plaintiffs and Defendants, as well as the Honorable Richard Conaboy, presiding

judge in the action,[1] was filed of record in this case. The COA was accompanied by a Court

---

[1] On April 10, 2017, this action was reassigned to the undersigned.

Order stating that the Court sanctioned the Agreement and directing that the action be "administratively closed without prejudice in the event either party does not comply with the terms of the settlement." (Doc. 24).

On March 2, 2017, Plaintiffs filed a motion to reopen the case. (Doc. 26). In November of 2017, Plaintiffs also filed a Motion for Substitution of Party Pursuant to Fed. R. Civ. P. 25(c), wherein Plaintiffs requested that the Court substitute Neville's Mobile Home Court, LLC, as a named party in the place of William Neville and Marlene Neville t/d/b/a Neville's Mobile Home Park. (Doc. 41).

On March 22, 2018, the Court held an evidentiary hearing and oral argument with respect to both of Plaintiffs' aforementioned motions.[2] During the evidentiary portion of the hearing to address the motion for substitution, the Court heard oral argument from counsel for the parties as well as testimony from Nancy Neville Haines and Plaintiff Louise Montalvan.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 25(c), "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Substitution under Rule 25(c) is a procedural device designed to facilitate the conduct of a case and does not generally alter the substantive rights of parties. As a result, the decision to grant a

---

[2] Following oral argument, the Court orally granted Plaintiffs' motion to reopen the case (*see also* Doc. 57 (granting motion to reopen)).

motion to substitute is within the Court's discretion. *Luxliner P.L. Export, Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 71-72 (3d Cir. 1993). However, when determining "whether an entity is a transferee of interest so as to trigger this discretion, . . . a district court's mission is one of applying law to facts." *Id.* at 72.

The transfer of interest must take place after the action is commenced in order for a substitution for transfer of interest to be properly made under Rule 25(c). 6 Moore's Federal Practice, § 25.31 (Matthew Bender 3d ed.). Further, "[a]lthough substitution is usually effected during the course of litigation, substitution has been upheld even after litigation has ended as long as the transfer of interest occurred during the pendency of the case." *Luxliner P.L. Export, Co.*, 13 F.3d at 71.

### III. ANALYSIS

In the present action, Plaintiffs request that the Court substitute Neville's Mobile Home Court, LLC, as a named party in the place of William Neville and Marlene Neville t/d/b/a Neville's Mobile Home Park.[3] Although Roger Mattes, Jr., Esq., counsel for Neville's Mobile Home Court, LLC, and Nancy Neville Haines, filed an omnibus brief in response (Doc. 49) to Plaintiffs' motions for substitution and to re-open the case, the brief fails to specifically address the motion for substitution. Instead, the brief only raises defenses to the merits of Plaintiffs' claim that the defendants did not comply with the terms of the COA, and asserts that the action is barred by accord and satisfaction, the statute of limitations,

---

[3] William Neville passed away in August, 2014. Marlene Neville is also deceased.

and the doctrine of laches, and that the plaintiffs lack standing to pursue this action, and the Court lacks jurisdiction to hear this matter.

For the reasons stated at the March 22, 2018, hearing, the Court rejects Attorney Mattes' argument with respect to this Court's jurisdiction. Further, Attorney Mattes has not set forth any legal argument in support of his assertion that the Plaintiffs lack standing in the present matter. With respect to the remaining arguments, as the Court explained during the March 22, 2018, hearing, while the defenses raised by Attorney Mattes may ultimately be valid, at this preliminary stage in the proceedings, such arguments are premature.

The Court thus turns to the only question presently properly before it – whether Neville's Mobile Home Court, LLC, may be substituted as a named party in the place of William Neville and Marlene Neville t/d/b/a Neville's Mobile Home Park.

In the present action, it is clear that any transfer of interest occurred after the action was commenced by Plaintiffs in May, 2011. Nancy Haines is the daughter of William Neville and step-daughter of Marlene Neville. Ms. Haines is also the owner of Neville's Mobile Home Court, LLC, since its incorporation in April, 2012, and owns the land upon which the business is located. Specifically, on February 22, 2012, Nancy Haines filed a Certificate of Organization, Domestic Limited Liability Company, with the Pennsylvania Department of

State (Hr'g Ex. 2) seeking to organize Neville's Mobile Home Court, LLC. The Pennsylvania Department of State approved the Certificate of Organization on April 20, 2012.[4]

Having established that any transfer of interest occurred after the commencement of the action, the Court turns to whether a transfer of interest actually occurred. Applying the law to the specific facts of this case, the record evidence demonstrates that there was a transfer of interest.

Here, there is no evidence that the trailer park business changed, in anything other than name and incorporation, when Neville's Mobile Home Park became Neville's Mobile Home Court, LLC. Rather, according to Ms. Haines, when William and Marlene Neville operated Neville's Mobile Home Park, the business rented lots for trailers. (Unoff. Tr., at 19). This business practice continues, as Ms. Haines confirmed that Neville's Mobile Home Court, LLC, of which she is the owner, now operates the trailer park and rents lots to tenants. (*Id.* at 21, 24). Ms. Haines testified that when the mobile home park became an LLC, she also began collecting the rent. (*Id.* at 27). Moreover, it is undisputed that Neville's Mobile Home Park operated as a mobile home park prior to April, 2012, and counsel for Ms. Haines stipulated that Neville's Mobile Home Court, LLC, has operated as a mobile home park from April 24, 2012 to the present time. (*Id.* at 38). Additionally, when her counsel inquired

---

[4] This information also demonstrates that any transfer of interest was effected prior to the COA being signed by the parties on April 24, 2012, and prior to the Court's adoption of the COA. Ms. Haines began the process of establishing Neville's Mobile Home Court, LLC, over nine months after Plaintiffs initiated the present action, and the LLC was approved four days prior to the parties signing, and the Court approving, the COA in this matter.

5

whether she was asked to "take over the park", Ms. Haines responded in the affirmative (*id.* at 39), further reinforcing this Court's finding that the mobile home park's operations never ceased and the LLC was simply a continuation of Neville's Mobile Home Park.

Further supporting a finding that a transfer of interest occurred is the testimony of Plaintiff Louise Montalvan. According to Mrs. Montalvan, based on her personal observations as a neighbor who lives directly across the street from the business, the mobile home court did not close for any period of time between 2011 and the present and has been operating continuously since that time. (Unoff. Tr., at 34). Despite testifying both before and after Mrs. Montalvan, and thus having the opportunity to address Mrs. Montalvan's assertions, Ms. Haines never refuted any of this testimony.

In addition, during the hearing, counsel for Plaintiffs introduced a letter into evidence from Gary Enslin, a sewage enforcement officer for Salem Township, dated March 20, 2013 (Hr'g Ex. 1). The letter is addressed to Nancy Haines and William Neville regarding a "Trailer Park Malfunction." When questioned, Ms. Haines stated that Mr. Enslin did not have any knowledge or information regarding the corporation status of the mobile home park. (Unoff. Tr., at 43). Ms. Haines' admission that she did not believe that Mr. Enslin had any knowledge of the park's incorporation, in conjunction with the fact that Mr. Enslin addressed the letter to both William Neville and Nancy Haines in 2013, strongly suggests that the mobile home park continued to run substantially, if not identically, in the same

manner both before and after April, 2012, and that William Neville continued to be involved in the mobile home park's operations after it was incorporated.

As a result of the aforementioned findings, it is evident that the creation of Neville's Mobile Home Court, LLC, is akin to a conversion of ownership to corporate form and thus a continuation of Neville's Mobile Home Park, owned and operated by William Neville and Marlene Neville, without a change in the business's identity.

Finally, the fact that Nancy Haines is the owner of the land, and has been one of the land owners since prior to the commencement of the lawsuit, is important. While, by itself, this finding does not allow substitution, coupled with the continued operation, without interruption, of the mobile home business on this land, this fact further argues in favor of substitution. In addition to the fact that a transfer of interest to Neville's Mobile Home Court, LLC, had already occurred at the time of the entry of the COA, but after the commencement of the present action, William Neville and Nancy Haines owned the land upon which Neville's Mobile Home Park, and then Neville's Mobile Home Court, LLC, is situated as joint tenants in the entirety from prior to 2012 until Mr. Neville's death in 2014.[5] Upon Mr. Neville's death, Nancy Haines became the sole owner of the property, by operation of law. Thus, even if Nancy Haines had no legal interest in the litigation by the Montalvans in 2011

---

[5] The Court takes judicial notice of a deed dated July 6, 2011, and filed in the office of the Recorder of Deeds of Wayne County, PA, between William Neville and Nancy Neville Haines, which transfers certain large parcels of land owned by William Neville to William Neville and Nancy Haines as joint tenants with the right of survivorship. (Deed Book Vol. 4242, at 309-312).

and 2012, at that time she had a legal interest in the land on which the mobile home park was located.

## IV. CONCLUSION

For the aforementioned reasons, the Court finds that there is substantial continuity of ownership as between Neville's Mobile Home Park and Neville's Mobile Home Court, LLC, such that substitution of Neville's Mobile Home Court, LLC, is appropriate in this action. The Court will thus grant Plaintiffs' Motion for Substitution of Party Pursuant to Fed. R. Civ. P. 25(c) (Doc. 41).

A separate Order follows.

Robert D. Mariani
United States District Judge